[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : November 16, 1990 Date of Application : November 16, 1990 Date of Application Filed : December 6, 1990 Date of Decision : January 26, 1993 CT Page 2223
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket No. CR4-161565;
M. Leonard Caine, Esq., Special Public Defender, for Petitioner.
John Connelly, Esq., State's Attorney, Judicial District of Waterbury, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was 22 years of age at the time of sentencing, was convicted after a trial by jury of Robbery in the First Degree, in violation of Connecticut General Statutes Section 53a-134(a)(2), as an accessory. (Connecticut General Statutes Section 53a-8). He was sentenced to a term of 18 years, execution suspended after 13 years, with 5 years probation.
The factual background, based on the evidence presented at trial is as follows:
On October 8, 1988, the defendant drove John Hoffler, Rodney Kyles and Nathaniel Nelson from New Haven to Waterbury. Nelson was armed with a shotgun and Kyles was carrying a .38 caliber handgun in his belt. Jamele Gregg, armed with a .32 pistol, joined the group in Waterbury. The defendant then drove around Waterbury while his passengers looked for a place to rob. Each time a likely location was approached, the defendant would slow the car so that the area could be reconnoitered. The men considered robbing several different places, but decided against all of them for various reasons. Finally, however, the defendant parked the car near a private social club on Walnut Street. His passengers entered the club while he waited in the car with the motor running.
Upon entering the club, the four men displayed their weapons, ordered the patrons to leave their money on the CT Page 2224 table and to put their heads down between their knees. Nelson attempted to take a wallet from Thompson Lynn, a patron of the club, but Lynn refused to surrender it. Nelson then struck him on the head with his shotgun. As the robbery progressed, Robert "Butch" Clark emerged from a bathroom and attempted to leave the club. Kyles stopped him, however, and a struggle ensued, during which Kyles shot Clark three times in the chest, killing him. The men then left the club, taking the money they had collected. The defendant, who was waiting nearby in the car, picked them up and sped from the scene of the robbery. (See State v. Avila,223 Conn. 595 (1992).
The petitioner asks the Division to consider his relatively young age, his lack of criminal record, his supportive family and his favorable employment record in assessing the appropriateness of his sentence — and we have done so.
He claims that he had no knowledge that the co-defendants were going to perpetrate a robbery when they went into the social club, and he does not accept responsibility for any of the tragic events of that night. Of course that position is contrary to the evidence presented and to the finding of the jury, which by its verdict determined that the petitioner was acting with the mental state required for the commission of the crime of robbery and that he intentionally aided another person in committing the crime.
The Review Division cannot retry or redetermine the guilt of the petitioner. We are limited to reviewing the appropriateness of the sentence.
In comparing the sentence imposed in this case to those of the co-defendants, and applying the standards of review of Section 942 of the Connecticut Practice Book, the Division concludes that the petitioner's sentence was neither unfair nor disproportionate.
Rodney Kyles was convicted, after a jury trial, of Felony Murder and Robbery, 1st degree. His total effective sentence of 80 years was affirmed by the Review Division. Nathaniel Nelson pleaded guilty to charges arising out of this incident and received a plea-bargained sentence of 35 CT Page 2225 years. John Hoffler and Jamele Gregg both cooperated with the prosecution and testified at the trial of Rodney Kyles and this petitioner. They were each sentenced to terms of 15 years, execution suspended after 5 years, with probation to follow.
Under all the circumstances of this case, including the intended purposes for imposing a sentence, the petitioner's sentence if fair and appropriate. It is affirmed.
Klaczak, J. Purtill, J. Norko, J.
Purtill, Klaczak and Norko, J.s, participated in this decision.